# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FINUCANE ENTERPRISES, INC.,           ) | |
|                                        ) | |
| Plaintiff,           ) | |
|                                        ) | |
| v.                                     ) | Case No. 05-CV-2163 JWL |
|                                        ) | |
| ARIZANT HEALTHCARE, Inc.,              ) | |
| AUGUSTINE MEDICAL, Inc., AND           ) | |
| CITIGROUP VENTURE CAPITAL              ) | |
| EQUITY PARTNER, L.P.,                  ) | |
|                                        ) | |
| Defendants.           ) | |
| _____) | |

## MEMORANDUM AND ORDER

The matter is before the court on defendants' Arizant Healthcare, Inc. ("AHI")  and Augustine Medical, Inc. ("AMI") motion to transfer venue to the District of Minnesota.  This issue is dispositive to this court's involvement in the case, and deciding the freestanding litigation of any purported tort claims outside of arbitration is a question for another time and place.  For the  reasons set forth below, the defendants' motion is granted.

## I.      Background

This is a business dispute arising out of a contract to sell products and services as an independent contractor.  Plaintiff Finucane Enterprises, Inc. ("Finucane") filed a complaint in the District of Kansas alleging that defendants AHI and AMI engaged in breach of an implied covenant of good faith and fair dealing, tortious interference with existing contractual relations, tortious interference with a prospective business advantage, wrongful inducement

of an employee to leave employment, and unjust enrichment.   The parties dispute whether these claims are properly labeled as tort or contract claims.

The defendants allege that based on the face of the compliant, all five counts are intertwined with a Sales Representative Agreement ("SRA") entered into on or about April 1, 2002.   Regardless of whether all five counts are enshrouded in the SRA, all parties agree that the SRA is a valid and enforceable contract.   More importantly, AHI and AMI argue that because the SRA controls the parties' entire dispute, this court must transfer venue to enforce all parts of the SRA.   Specifically, the defendants point to a relationship of the parties clause, a forum selection clause, and an arbitration clause.   These three clauses provide as follows:

**22. Relationship of the Parties**. . . . It is the express intent of the parties,

pursuant to their right of freedom to contract, that this Agreement shall govern the obligations of each to the other and the right of each resulting from such relationship, and that no federal or state franchise law or any other law purporting to alter the relationship between the Company and the Representative, presently in force or hereafter enacted, may apply to the rights and obligations of and between the parties under this Agreement.

* * *

25. **Governing Law**. This Agreement shall be governed and construed under and accordance with the laws of the State of Minnesota (without reference to any principles of conflicts of laws which would apply the substantive law of any other jurisdiction). The parties agree that the Federal and State courts located

2

in the State of Minnesota shall have exclusive jurisdiction to resolve any disputes or other matters related hereto which become the subject of litigation, except that the Company may seek injunctive relief against the Representative in any court having jurisdiction. The representative hereby consents and submits to the jurisdiction of any of the Federal or State courts located in the State of Minnesota with respect to the enforcement by the Company of any rights or remedies it may have hereunder.

* * *

26. **Arbitration**. Any dispute, controversy or claim arising out of or relating to this Agreement, or the breach, termination or invalidity thereof, shall be finally settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association in effect on the date of this agreement by a single arbitrator appointed in accordance with said Rules. The appointing authority shall be the American Arbitration Association. The place of arbitration shall be Minneapolis, Minnesota.

II.      **Legal Standard for a Motion to Transfer**

Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1404(a) facilitates the "easy change of venue within a unified federal system.'" *Chrysler Credit Corp. v. Country Chrysler,* Inc., 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 (1981)).   Accordingly, it grants this court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).   The court must consider the following factors in determining whether to transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quotation omitted).  As the side moving for transfer in this case, the defendants have "the burden of establishing that the existing forum is inconvenient."  *Id*. at 1515-16.

**III.     Analysis**

*1.*      ***The Forum Selection Clause is Mandatory and Binding***

Because the parties in this case agreed to both a forum selection clause and an arbitration clause, this court is not deciding a typical motion to transfer venue.  Indeed, the forum selection clause in the SRA dictates that the courts in Minnesota have exclusive jurisdiction to decide this case.  Because of the unique presence of both a forum selection clause and an arbitration clause, transfer to Minnesota is proper, regardless of whether all of Finucane's claims are arbitrable or subject to Minnesota law.

To begin, the forum selection clause in this case is controlled by the Tenth Circuit's analysis in K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW'''), 314 F.3d 494 (10th Cir. 2002).  In that case, the court explained that forum selection clauses generally are binding if signed by sophisticated parties such as the business entities in this dispute.  *Id*. at 498.

The more difficult issue is determining if a forum selection clause is "either mandatory or permissive."  *Id*.  As the Tenth Circuit explained, "[m]andatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum.  In contrast, permissive forum selection clauses authorize jurisdiction in

a designated forum, but do not prohibit litigation elsewhere." *Id.* (internal quotations omitted).        To resolve whether a forum selection clause is mandatory or permissive, the Tenth Circuit advises that a clause must refer to jurisdiction in exclusive terms.  Thus, a forum selection clause is mandatory only when "exclusive language" is present.  *See id*. at 500 (requiring that a mandatory forum selection clause involving "jurisdiction" must also include a limiting term such as "exclusive," "sole," or "only").

        In this case, the forum selection clause is mandatory.   This is clear from paragraph 25 of the SRA.  It provides: "The parties agree that the Federal and State courts located in the State of Minnesota shall have <u>exclusive jurisdiction</u> to resolve any disputes or other matters related hereto which become the subject of litigation. . . ." (emphasis added). Because it contains the Tenth's Circuit's touchstone phrase "exclusive jurisdiction," the forum selection clause is mandatory.  *See id.* at 499-500.

        Upon a determination that "the language of the forum selection clause is clear and mandatory, the only way for [Finucane] to avoid the effect of the clause is to demonstrate it is unfair or unreasonable."  *Excell, Inc. v. Sterling Boiler & Mechanical, Inc*., 106 F.3d 318, 321 (10th Cir. 1997).  Examples of such inequality include "overreaching" by the drafter of the forum selection clause, "unequal bargaining power" amongst the parties, "or that the forum chosen by the parties 'would be a seriously inconvenient one for the trial of the particular action.'"  *Id.* (quotation omitted).

In this case, the court is persuaded to give effect to the mandatory forum selection clause agreed to by the parties. For instance, Finucane itself alleges in paragraph 21 of its complaint that the SRA "is a valid and enforceable contract," and it is the SRA that contains the mandatory forum selection clause. In addition, Finucane did not offer a single argument in its reply brief regarding the unfairness of transfer to Minnesota.

**2.     *This Court's Inability to Compel Arbitration Requires Transfer of Venue***

The validity of a mandatory forum selection clause carries great weight in deciding a motion to transfer venue. Indeed, such a clause is "a significant factor that figures centrally in the district court's calculus" in evaluating a motion to transfer. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *accord Terra Int'l, Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688, 697 (8th Cir.1997). In the end, a forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)." *Id.* at 31.

It is undeniable that the plaintiff's original forum choice is a decisive factor in adjudicating a motion to transfer. *See, e.g., School-Link Technologies, Inc. v. Applied Resources, Inc*., 2005 WL 1799259, *5 (D. Kan. 2005) (observing that "the plaintiff's initial choice of forum is a factor that weighs in favor of retaining the case here."). Nevertheless, this factor is counterbalanced in this case by the inclusion into the equation of both a mandatory forum selection clause and an arbitration clause, which substantially alter the dynamic. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir.1995)

("[W]hile courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue."); *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989) ( "[T]he venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors."); *see also Black & Veatch Const., Inc. v. ABB Power Generation, Inc.,* 123 F.Supp.2d 569, 581 (D.Kan.2000) (noting this general principle).

Ultimately, the pivotal factor in this case is the court's inability to compel arbitration outside the District of Kansas. The defendants rightfully point out that the SRA contains a mandatory forum selection clause and an arbitration clause. The parties do dispute whether all five counts in the complaint are subject to arbitration; nevertheless, it is this dispute that requires the court to transfer venue to Minnesota so that the district court there can resolve this controversy, as the mandatory forum selection clause requires.

Federal district courts commonly encounter the decision whether to transfer venue based on disputes over the scope of a forum selection clause in conjunction with an arbitration clause. Faced with fact patterns analogous to the facts in this case, the vast majority of district courts have decided to transfer venue. This is because although the filing of the plaintiff's complaint generally does determine the locale for arbitration, district courts "have generally attempted to carry out the terms of the parties' freely negotiated arbitration agreements." *Bosworth v. Ehrenreich*, 823 F.Supp. 1175, 1180 (D.N. J. 1993) (transferring venue to another federal district to comply with an arbitration

8

clause).  *See also Bao v. Gruntal & Co., Inc*., 942 F. Supp. 978, 984 (D. N.J. 1996) and

*Dempsey v. George S. May Intern. Co.*, 933 F. Supp. 72, 75-76 (D. Mass. 1996) (same).

This court is particularly guided by the analysis in Federated Rural Elec. Ins. Co. v.

Nationwide Mut. Ins. Co., 874 F. Supp. 1204, 1209-10 (D. Kan. 1995).  In that case, the

court faced the question of whether the plaintiff's claims were arbitrable.  After discussing

the relevant venue transfer factors, the court observed that if the claims at issue did in fact

require arbitration, then it could not compel arbitration.  This is because under § 4 of the

Federal Arbitration Act, a district court can only compel arbitration within its own district.

*See Ansari v. Qwest Comms. Corp*., 414 F.3d 1214, 1220 (10th Cir. 2005) ("In other

words, 'a district court lacks authority to compel arbitration in other districts, or in its own

district if another has been specified for arbitration.'") (citation omitted).  *See also Roe v.

Gray*, 165 F. Supp. 2d 1164, 1171-72 (D. Colo. 2001) (summarizing numerous cases in

other circuits applying this overwhelming majority rule).

Therefore, and as the court in *Federated Rural* concluded, "If the court ultimately

orders the parties to proceed to arbitration, the arbitration can take place only within the

district in which the court is located.  Thus, this court would be without power to order the

parties to arbitrate their dispute in [Minnesota] as they agreed."  874 F. Supp. at 1210.

Accordingly, transferring the case to Minnesota will "further the parties' intent as

expressed in their agreements."  *Id*.  This is particularly true given the combination of the

arbitration clause and the mandatory forum selection clause.  *Cf. St. Paul Fire and Marine*

9

*Ins. Co. v. Courtney Enterprises, Inc*., 270 F.3d 621, 624 (8th Cir. 1996) ("By agreeing to

that forum selection clause, [the opposing party] impliedly consented to be sued in

Minnesota to compel arbitration of such disputes.").

After considering the relevant factors the court finds that the interests of justice are

best served by transferring this case to Minnesota.  Accordingly, the defendants' motion to

transfer venue to the District of Minnesota will be granted.

**3.**      ***This Court Will Not Decide the Arbitrability of the Contract and Tort Claims***

As a final matter, this court has been asked to wade into the substantive issues of the

case.  Finucane and the defendants AHI and AMI exhaustively have briefed whether the tort

and contract issues in this case are intertwined.  This is a complicated issue with

voluminous arguments on both sides.  However, because the SRA contains a mandatory

forum selection clause, this court will not engage in any discussion over the arbitrability of

the tort/contract issues.  As other courts have decided, it would be inappropriate for a

transferring court to decide these issues.  *See, e.g., Roe v. Gray*, 165 F. Supp. 2d 1164,

1173 (D. Colo. 2001) (concluding that if a district court grants a motion to transfer based

on a forum selection or arbitration clause, it should let the transferee court decide all

aspects of the case, including the issue of arbitrability).  Finucane has not disputed the

motion to transfer venue, and its choice of law arguments are irrelevant because choice of

law does not determine in which venue the choice of law issue is eventually decided.

10

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to transfer venue to the District of Minnesota is granted.

**IT IS SO ORDERED** this 25th day of August, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

11